UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ADRIENNE WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CASE NO.  2:11-CV-1096-SLB |
| | ) |
| **HUNT OIL REFINING CORP.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion to Dismiss filed by Hunt Oil Company [Hunt Oil].  (Doc. 2.)  Hunt Oil asks the court to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(4) and (5),[1] on the ground that plaintiff served Hunt Oil Company, but named Hunt Oil Refining Corp. [Hunt Refining] as the defendant, which is not the same entity as Hunt Oil.  For the reasons set forth below, the court finds that plaintiff's Complaint against Hunt Oil is due to be dismissed.

---

[1]Rule 12(b)(4) and (5) provide:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:

. . .

(4) insufficient process;

(5) insufficient service of process . . . .

Fed. R. Civ. P. 12(b)(4)-(5).

In her Complaint, plaintiff alleges that sexual harassment and unlawful retaliation occurred during her employment with the defendant, "Hunt Oil Refining Co." (*See generally* doc. 1.) The copy of her EEOC Right to Sue Letter, which is attached to her Complaint, was sent to "Hunt Refining Company." (Doc. 1 at 5.) The Complaint, however, was served on "Hunt Oil." (Doc. 2 ¶ 1.)

Hunt Oil has appeared before the court and moved to be dismissed from this action as "it is not 'Hunt Oil Refining Corp.,'" and "it does not employ and has not employed anyone named 'Adrienne Williams.'" (*Id*. ¶¶ 2-3.) It "avers that its corporate affiliate, Hunt Refining Company, operates a petroleum refinery in Tuscaloosa, Alabama." (*Id*. ¶ 4.)

In response to Hunt Oil's Motion to Dismiss, plaintiff contends:

> 1. The Plaintiff referred [to] the Alabama Secretary of State's Office and website and was provided this information as to the proper registered agent for purpose of filing this lawsuit.[2]
>
> 2. The Plaintiff filed this case in good faith in an attempt to serve the proper party to obtain redress for the discrimination that she endured at Hunt's local operations in Tuscaloosa[,] Alabama.
>
> 3. The Plaintiff was an employee of Hunt Refining Corp., which is also widely known in Tuscaloosa and described in Tuscaloosa as Hunt Oil.
>
> 4. Any error in the summons is a mere scrivener's error due to the fact that Hunt is an oil refinery and operates a refinery in Tuscaloosa, Alabama.

---

[2]The court notes that the Secretary of State's website contains listings for Hunt Oil and Hunt Refining. *See* Hunt Oil Company at http://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?corp=853455&page=name&file=; and Hunt Refining Company, Inc. at http://arc-sos.state.al.us/cgi/corpdetail.mbr/detail?corp=853455&page=name&file=.

(Doc. 4 [footnote added].) Plaintiff asks the court to "deny the Defendant's Motion to Dismiss this lawsuit and allow her to amend her complaint and summons so that she can address the Defendant's subsidiary."[3]

The court finds that Hunt Oil's Motion to Dismiss is due to be granted. Plaintiff has presented no argument that Hunt Oil is liable for plaintiff's claim of employment discrimination. The court will allow plaintiff an opportunity to amend her complaint to name Hunt Refining. However, this leave to amend does not imply that this court has any opinion as to whether the amendment will relate back to the date plaintiff filed her original Complaint.[4]

An Order granting Hunt Oil's Motion to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 12th day of March, 2012.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]Hunt Oil contends that Hunt Refinery is an "affiliate," not a subsidiary. (Doc. 2 ¶ 4.)

[4]"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations. Where an amended pleading changes a party or a party's name, the Rule requires, among other things, that 'the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" Rule 15(c)(1)(C)." *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2489 (2010).