FILED

2013 Mar-11  AM 11:47
U.S. DISTRICT COURT
N.D. OF ALABAMA



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ADRIENNE WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO.  2:11-CV-1096-SLB** |
| ) | |
| **HUNT REFINING COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

This case is presently pending before the court on defendant's Motion for Summary Judgment. (Doc. 25.) Plaintiff Adrienne Williams has sued her former employer, defendant Hunt Refining Company, alleging that defendant discriminated against her on the basis of her gender and her race, and that it retaliated against her for complaining about sexual harassment, in violation of federal law.  Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment, (doc. 25), is due to be denied.

Defendant contends that plaintiff's claims are due to be dismissed because plaintiff did not file her Complaint against defendant until more than 90 days after she received her right-to-sue letter from the EEOC.  (Doc 25 at 2.)  The undisputed facts show that plaintiff filed her Complaint on March 28, 2011, within 90 days of receiving her right-to-sue letter. (Doc. 1 at 1 and ¶ 12.)  However, her Complaint named "Hunt *Oil* Refining *Corp*." as defendant and plaintiff's employer.  (*Id*. ¶¶ 8, 10.)  Hunt Oil Refining moved to dismiss

plaintiff's Complaint.  (Doc. 2.)  The court granted the motion, but allowed plaintiff to file an Amended Complaint naming Hunt Refining Company, plaintiff's former employer, as defendant.  (Doc. 10.)  The court did not determine whether the Amended Complaint would relate back to the date plaintiff filed her Complaint.  (Doc. 9 at 3 and n.4 [citing *Krupski v. Costa Crociere*, 130 S. Ct. 2485, 2489 (2010)].)

Defendant has now filed a Motion for Summary Judgment challenging the relation-back of the Amended Complaint.  (*See generally* doc. 25.)  It argues:

> Plaintiff's lawsuit against Hunt Refining Company is untimely, and thus should be dismissed as a matter of law, because it was not filed against her employer, Hunt Refining Company, within ninety (90) days of Plaintiff's receipt of a notice of right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Green v. Union Foundry Co.,* 281 F.3d 1229, 1233 (11th Cir. 2002)(finding that a lawsuit must be initiated at least 90 days after a notice of right to sue is issued by the EEOC); *Hammond v. Georgia,* No. 2:11-cv-00051-RWS, 2012 U.S. Dist. LEXIS 7318, *10 (N.D. Ga. Jan. 23, 2012)(same).

> This case does not involve a *pro se* plaintiff who proceeds without counsel; to the contrary, Plaintiff is represented by counsel and has been represented by counsel since she participated in Hunt Refining Company's appeal of the Alabama Department of Industrial Relations' determination regarding her entitlement to unemployment compensation benefits. Likewise, Plaintiff is not confused as to which entity employed her.  Her EEOC Charge correctly names Hunt Refining Company as her employer, as does the action in which she participated in the Tuscaloosa County Circuit Court regarding her entitlement to unemployment compensation benefits.  (*See* Affidavit of David Carroll, attached hereto as Exhibit B.)  Courts have consistently dismissed cases where the plaintiff failed to file a lawsuit within 90 days of receipt of notice of the right to sue. *See, e.g., Gant v. Jefferson Energy Cooperative*, 348 Fed. Appx. 433, 434-35 (11th Cir. 2009)(affirming dismissal of claims where plaintiff failed to file complaint within 90 days of receipt of notice of right to sue); *Cooper v. Elmore County Bd. of Educ,* No. 2:10-CV-586-WKW [WO], 2010 U.S. Dist. LEXIS 129304, *5 (M.D. Ala. Dec. 7, 2010)(dismissing

2

Plaintiff's claims under Title VII where she failed to file her lawsuit within 90 days of receipt of notice of right to sue).

> . . .

> . . . Plaintiff is aware of her employer but failed to name the proper entity in her Complaint.  Even after Hunt Oil Company filed its Motion to Dismiss on this basis, Plaintiff nevertheless failed to correct this error until after 90 days had elapsed from the date of her notice of right to sue. Accordingly, Plaintiff's claim is time barred and Hunt Refining Company is entitled to summary judgment as a matter of law.

(Doc. 25 at 2-4.)

Plaintiff contends that her Amended Complaint relates back to the date her Complaint was filed.  Rule 15(c)(1) states:

> An amendment to a pleading relates back to the date of the original pleading when:

> > . . .

> > (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

> > (C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> > > (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and

> > > (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

3

Fed. R. Civ. P. 15(c)(1).

In this case, the Amended Complaint alleges claims against Hunt Refining Company based on the same conduct and occurrences alleged in the Complaint.  Therefore, relation-back of the Amended Complaint is warranted if  Hunt Refining Company "received such notice of the action that it will not be prejudiced in defending on the merits;" and it "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  *Id*. (c)(1)(C); *see Krupski v. Costa Crociere*, 130 S. Ct. 2485, 2493-95 (2010)(the issue is not what plaintiff knew or whether she was dilatory; the issue is whether the proper defendant "knew or should have known that it would have been named as a defendant but for an error").

Hunt Refining Company has not established that it was unaware that it was the intended defendant and that it would have been named the defendant but for plaintiff's error.[1] Plaintiff's Complaint's sought to name her employer as the defendant.  (*See* doc. 1 ¶¶ 10, 11, 14-16, 20-21.)  Also, the Complaint alleges that plaintiff had filed an EEOC charge against "defendant." (*Id*. ¶ 11.) Hunt Refining Company concedes that it employed plaintiff and that it was named as Respondent in plaintiff's EEOC charge.  Clearly, it must have known that it was the intended defendant and would have been named in plaintiff's Complaint but for

---

[1]Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

some error or mistake.  The court rejects any inference that Hunt Refining Company reasonably believed, under the circumstances, that plaintiff intentionally and deliberately named "Hunt Oil Refining Corp." as the defendant, even though it was not her employer and had not been named in the EEOC charge.  *See Krupski*, 130 S. Ct. at 2497-98.

Hunt Refining Company does not argue that it will be prejudiced in defending this action on the merits.

Therefore, the court finds that plaintiff's Amended Complaint relates back to the date the Complaint was filed.

For the foregoing reason, the court is of the opinion that defendant Hunt Refining Company is not entitled to judgment as a matter of law.  An Order denying Hunt Refining Company's Motion for Summary Judgment, (doc. 25), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 11th day of March, 2013.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE