FILED
2014 Feb-27 PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ADRIENNE WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:11-CV-1096-SLB |
| | ) | |
| **HUNT REFINING COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment filed by defendant Hunt Refining Company. (Doc. 45)[1]. In this case the plaintiff is proceeding *pro se*. Therefore, the court entered an Order that notified plaintiff of the summary judgment rules, her right to submit affidavits or other materials in opposition to the Motion for Summary Judgment, and the consequences of failing to oppose the motion. (Doc. 51-1, Doc. 51-2). Upon consideration of the record, and the relevant law, the court finds that defendant's Motion for Summary Judgment is due to be granted.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322

---

[1] Reference to a document number, ["Doc. __"], refers to the number assigned to each document as it is filed in the court's record.

(1986).  The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof.  *Celotex,* 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b).  Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. P. 56(e).  Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law.

Applying these standards to this case, the court concludes that defendant, the moving party, has demonstrated that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.[2]  Plaintiff, who is proceeding *pro se*, has not come forward with **any** evidence in response to this showing.  Thus, plaintiff has failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a

---

[2] The court considered the evidence and argument submitted by defendant in support of its Motion for Summary Judgment.  The evidence submitted by defendant demonstrates that defendant is entitled to judgment as a matter of law on all of plaintiff's claims.

genuine issue for trial,'" *Celotex,* 477 U.S. at 324, and the record demonstrates that summary judgment in favor of defendant is warranted.

Therefore, it is hereby **ORDERED** that defendant's Motion for Summary Judgment, (doc. 45), is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**. Costs are taxed against the plaintiff.

**DONE** this 27th day of February, 2014.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE